<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**H.B.**,

                Plaintiff,

                v.

**COMMISSIONER OF SOCIAL SECURITY**,

                Defendant.

Civil Action No. 25-13842 (ZNQ)

**OPINION**

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff H.B.'s ("Plaintiff") appeal of an Administrative Law Judge's ("ALJ") denial of Plaintiff's application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 402 *et seq.* (the "Act"). (ECF No. 1.)

After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 8), the Court finds that the ALJ's decision was based on substantial evidence and properly within the ALJ's decision-making authority. Accordingly, the ALJ's decision to deny Plaintiff SSDI and SSI will be **AFFIRMED**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

    **A.     PROCEDURAL HISTORY**

On January 6, 2023, Plaintiff filed an application for social security benefits. (AR at 291–301.) On her application, she claimed that she was disabled due to postural orthostatic tachycardia

1

syndrome ("POTS") and anxiety and depression disorder, with an alleged onset date of March 1, 2021.  (*Id.* at 291, 320.)  After her application was initially denied and again on reconsideration (*id.* at 189, 201), she filed a request on September 25, 2023 for a hearing with an ALJ (*id.* at 215).

On June 26, 2024, the ALJ held a hearing on Plaintiff's application.  (*Id.* at 113–57.)  At the hearing, Plaintiff, who was represented by counsel, testified about her disability, along with a Vocational Expert ("VE") who testified about the type of work someone such as Plaintiff could perform.  (*Id.*)  After the hearing, on August 28, 2024, the ALJ issued an opinion denying Plaintiff's claim for disability benefits, finding that she was not disabled under the Act.  (*Id.* at 56.)  The Appeals Council subsequently denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Defendant").  (*Id.* at 24.)

Plaintiff then initiated the present civil action on July 28, 2025.  (ECF No. 1.)  On January 21, 2026, Plaintiff filed a Brief in Support of her appeal.  ("Moving Br.," ECF No. 13.)  Defendant filed an Opposition Brief ("Opp'n Br.," ECF No. 14), to which Plaintiff filed a Reply Brief ("Reply," ECF No. 15).

**B.    BACKGROUND**

1.    Plaintiff's Background and Testimony

Plaintiff was born on May 6, 2001, and was twenty-three years old when the ALJ denied her claim for disability benefits.  (AR at 54.)  Plaintiff graduated from a therapeutic boarding school, where she attended classes with small class sizes due to her difficulty staying focused.  (*Id.* at 125–26.)  She testified that although her reading level was age-appropriate, she was "very bad at math" and "couldn't do it at all."  (*Id.* at 126.)  She also testified that she failed algebra and "barely passed" geometry.  (*Id.* at 127.)

Plaintiff further testified that she has limited interaction with other people but is able to follow simple instructions.  (*Id.* at 133.)  She asserted that her obsessive-compulsive disorder

2

("OCD") makes it difficult for her to focus on a single task and prevents her from completing tasks in a timely manner. (*Id*. at 133–34.)  On a Function Report, Plaintiff stated that she can count change, handle a savings account, use a checkbook/money order, and shop online for personal items. (*Id.* at 338.)

        2.      <u>Medical Opinions</u>

On May 22, 2023, Dr. Christopher Williamson evaluated Plaintiff.  In his report, he explained that Plaintiff worked in a bakery for a short period of time but that she was unable to maintain her job. (*Id.* at 535.)  Dr. Williamson also reported that she was anxious, nervous, and jittery, and that she has a history of OCD and struggles with POTS. (*Id.* at 536.)  He also explained that her "overall fund of knowledge appeared to be in the average range," that she was "unable to complete Serial 7's, subtracting 7 from 100 in reverse order," but that "she could complete simple mathematical calculations of addition and subtraction." (*Id.*)

Two State Agency psychologists also evaluated Plaintiff's medical records.  The first was Dr. Lisa Clausen, who evaluated Plaintiff at the initial level of consideration.  The second was Dr. Ada Liberant, who evaluated Plaintiff at the reconsideration level.  Both evaluators reviewed and discussed Dr. Williamson's report, along with other medical records stating that Plaintiff could manage her own funds. (*Id.* at 187, 195.)  They each determined that Plaintiff had certain mental limitations related to her RFC, including issues with concentration and persistence, social interaction, and adaptation. (*Id.* at 187–89, 198–200.)  However, they ultimately concluded that despite her mental and physical limitations, Plaintiff could perform simple, unskilled work with reduced social interaction. (*Id.* at 189, 200.)

3

### 3. Third-Party Function Report

Plaintiff's mother ("Mrs. B.") also completed a third-party Function Report. Relevant to the present appeal, Mrs. B. reported, among other things, that Plaintiff does not understand how to count or manage money. (*Id.* at 314.)

### 4. ALJ Decision

As discussed above, the ALJ denied Plaintiff's application for disability benefits. (AR at 56.) In keeping with the Act's five-step disability determination process, the ALJ made several findings.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 6, 2023. (*Id.* at 47.) At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety, OCD, post traumatic stress disorder, rheumatic heart disease, depressive and bipolar disorder, and POTS. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) In reaching this conclusion, the ALJ noted that Plaintiff could not complete serial sevens, but that she could repeat five digits forwards and four digits backwards. (*Id.* at 48.)

At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations: she can occasionally climb ramps and stairs; she can never climb ropes, ladders, or scaffolds; she cannot work at unprotected heights, around exposed moving mechanical parts or with dangerous heavy machinery or equipment such as that which cuts, tears, crushes, shears or punctures in its operations; she can work with occasional exposure to atmospheric conditions as defined in the SCO companion to the DOT such as dusts, gasses, odors, fumes, pulmonary irritants, and poor ventilation; she can occasionally perform balancing, stooping, kneeling, crouching, and crawling;

she can carry out simple instructions; she can occasionally adjust to changes in workplace routines; and she can maintain contact frequently with supervision and occasionally with coworkers and the public.  (*Id.* at 49.)

At step five, the ALJ concluded that there are jobs that exist in "significant numbers in the national economy" that Plaintiff could perform.  (*Id.* at 54.)  Specifically, the ALJ considered the testimony of the VE and concluded that Plaintiff was "capable of making a successful adjustment to other work," such as a labeler, inspector/packer, or a sealing machine operator.  (*Id.* at 55.)  Accordingly, the ALJ found that Plaintiff has not been disabled since January 6, 2023.  (*Id.* at 56.)

## II.        SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), which authorizes judicial review of final decisions of the Commissioner of Social Security.

## III.       LEGAL STANDARD

### A.  STANDARD OF REVIEW

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).  To survive judicial review, the Commissioner's decision must be supported by substantial evidence.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  In other words, substantial evidence "may be somewhat less than a preponderance of the evidence."  *Ginsburg v.*

*Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (citation modified), *abrogated on other grounds by Sims v. Apfel*, 530 U.S. 103 (2000).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation modified) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981).

## B.    APPLICABLE LAW

Under the Social Security Act, a person is "disabled" if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the

6

> immediate area in which he lives, or whether a specific job vacancy
> exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows.

At step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the ALJ decides whether the claimant has a "severe impairment" or combination of impairments that considerably restricts the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, then the inquiry ends because the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the claimant's impairment or combination of impairments meets the severity of an impairment in the Listing of Impairments found at 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d). If so, then the claimant is presumed to be disabled if the impairment has lasted or is expected to last for the specified duration. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the claimant's residual functional capacity ("RFC") and analyze whether Plaintiff can perform past relevant work. *See* 20 C.F.R. § 404.1520(e). Under 20 C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." If the claimant can perform past relevant work, then the inquiry ends because the claimant is not disabled. *See* 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five — the final step — the ALJ must decide whether the claimant, considering the claimant's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(g). If the ALJ determines that the claimant can do so, then the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v). Otherwise, the claimant is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. § 1382c(a)(3)(A).

## IV.    **DISCUSSION**

Plaintiff's sole challenge on appeal concerns the ALJ's RFC determination. (Moving Br. at 10.) According to Plaintiff, the record demonstrates that she has "very limited math skills" and is unable "to complete serial sevens." (*Id.*) Based on this evidence, Plaintiff contends that the ALJ erred by failing to include a mathematical limitation in his RFC formulation. (*Id.*)

Plaintiff further argues that this error was harmful because each of the jobs identified by the ALJ at step five requires math level 1 under the Dictionary of Occupational Titles ("DOT").[1] (*Id.* at 15–16.) As defined by the DOT, math level 1 requires the ability to: (1) "[a]dd and subtract

---

[1] Defendant asserts that none of the descriptions of the jobs identified by the ALJ "involve mathematical duties." (Opp'n Br. at 8) (citing DOT job descriptions). Because the Court finds the ALJ's RFC determination was supported by substantial evidence, it need not resolve the disparity in the parties' views on the mathematical skillset required for the identified jobs.

two-digit numbers"; (2) "multiply and divide 10's and 100's by 2, 3, 4 [and] 5"; and (3) "perform the four basic arithmetic operations with coins as part of a dollar." (*Id.* at 16.) According to Plaintiff, the record establishes that she cannot perform at math level 1, and, therefore, cannot perform the jobs identified by the ALJ. (*Id.*) Thus, Plaintiff contends that she should have been found to be disabled under the Act. (*Id.* at 18.)

Plaintiff's argument is without merit. As explained above, a claimant's RFC is the most he or she can do in a work setting despite his or her limitations. 20 C.F.R. § 416.945(a)(1). Importantly, "the ALJ is required only to include limitations which he finds credible." *See Lopez v. Comm'r of Soc. Sec.*, 270 F. App'x 119, 122 (3d Cir. 2008). Thus, an ALJ may exclude alleged limitations to the extent the ALJ believes they are less than credible. *Id.* (citing *Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002)). When making this determination, the ALJ must review all the relevant evidence in the record. 20 C.F.R. § 416.945(a)(1).

Here, the ALJ carefully reviewed the record, and his RFC determination is supported by substantial evidence. In making his determination, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (AR at 49.) In his analysis, the ALJ noted that Plaintiff had difficulty in math, but was able to pass geometry and that her neurological exams revealed normal results. (*Id.* at 51, 52.) The ALJ also discussed Dr. Williamson's report and noted that Plaintiff could "complete simple mathematical calculations of addition and subtraction" and "could repeat up to five digits forwards and four digits backwards." (*Id.* at 53.) The ALJ also discussed the two reports from Dr. Clausen and Dr. Liberant. (*Id.*) Specifically, the ALJ stated that he concurred with their assessment of Plaintiff's mental impairments based on her underlying

9

medical records. (*Id.* at 54.) Based on this evidence, the ALJ did not err when he omitted a math limitation in his RFC formulation.

To the contrary, the ALJ carefully considered the record and formulated an RFC that was both consistent with and supported by the evidence before him. Specifically, the ALJ reviewed the evidence pertaining to Plaintiff's medically determinable mental impairments, including anxiety, OCD, PTSD, and depressive disorders. (*Id.* at 52–54.) After reviewing the entire record, the ALJ reasonably concluded that these impairments warranted limitations to simple, routine work involving only occasional workplace changes and limited social interaction. (*Id.* at 54–55.) Thus, the ALJ accounted for the credible mental limitations supported by the record.

Neither the medical evidence nor the opinion evidence supports the additional limitation Plaintiff now seeks. Although multiple medical sources assessed Plaintiff's mental functioning and identified various work-related mental limitations, not a single treating, examining, or reviewing source opined that Plaintiff required limitations related to arithmetic or numerical functioning. Nor did any medical source suggest that Plaintiff was unable to perform the basic mathematical skills required for light work.

As is well-established, the ALJ was not required to include limitations in the RFC that lacked evidentiary support. *See J.L.B. v. Comm'r of Soc. Sec.*, Civ. No. 20-7851, 2022 WL 17039305, at *8 (D.N.J. Nov. 17, 2022) ("An ALJ need not include in the claimant's RFC those limitations that the record fails to credibly support."). Rather, an RFC need only reflect "those limitations [that the ALJ] finds to be credible." *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 147 (3d Cir. 2007). Here, because the record contains no medical opinion or objective evidence establishing a limitation in Plaintiff's mathematical abilities, the ALJ reasonably declined to

10

include such a restriction in the RFC.  Accordingly, the Court finds that the ALJ's RFC formulation is supported by substantial evidence.

Nor does any of the evidence cited by Plaintiff compel the inclusion of a math limitation in her RFC.  Plaintiff primarily relies on Dr. Williamson's report stating that she was unable to complete serial sevens.  (Moving Br. at 10–11.)  But this argument is misplaced.  "[S]erial sevens are subtraction tasks 'traditionally used in mental status examinations' that are used to 'measure attention and mental concentration.'"  *Julia G. v. Comm'r of Soc. Sec.*, Civ. No. 24-9276, 2026 WL 1898965, at *3 n.6 (D.N.J. July 2, 2026) (citation omitted).  Thus, it is not apparent how a test that is designed to "measure attention and mental concentration" can be used to establish a math limitation, particularly in light of the more relevant evidence in the record that states Plaintiff can perform "simple mathematical calculations" and "manage money."  Moreover, Plaintiff testified that she passed Geometry in high school.  (AR at 15.)  Geometry requires the application of mathematical concepts and reasoning beyond simple arithmetic, which is inconsistent with Plaintiff's contention that the record compels the inclusion of a math limitation in her RFC.[2]

Plaintiff also relies on *Bellini v. O'Malley*, Civ. No. 22-9639, 2024 WL 1328383 (S.D.N.Y. Mar. 28, 2024), and *Christopher M. v. Kijakazi*, Civ. No. 20-2389, 2022 WL 279583 (N.D. Ill. Jan. 31, 2022).  Neither decision supports remand here because both involved claimants with significantly more severe and well-documented mathematical deficits than any suggested in Plaintiff's record.

In *Bellini*, the claimant was unable to "perform simple counting and simple calculations," "could not complete serial 7s from 100 nor serial 3s from 20," required assistance managing funds

---

[2] Plaintiff's reliance on Mrs. B's third-party statement regarding Plaintiff's alleged inability to count or manage money is also unpersuasive.  As the ALJ explained, the statement was "neither valuable nor persuasive," and, for the reasons discussed throughout this Opinion, it is also inconsistent with the record as a whole.

11

because of cognitive deficits, and had documented difficulty adding and subtracting even small numbers. 2024 WL 1328383, at *6. Given that evidence, the court concluded that the ALJ failed to address an apparent conflict between the claimant's mathematical limitations and the math level 1 requirements of the identified occupations. *Id.* at *7.

Likewise, in *Christopher M.*, the claimant had only a marginal education, having completed no more than the sixth grade, could not perform multiple calculations, relied on his fingers to complete simple addition and subtraction, and was unable to calculate the correct amount of change when making purchases. 2022 WL 279583, at *3. Based on those substantial deficits, the court found that the ALJ failed to adequately consider the claimant's demonstrated inability to perform basic arithmetic with jobs requiring math level 1. *Id.* at *4.

The evidentiary record here is markedly different. Unlike the claimants in *Bellini* and *Christopher M.*, Plaintiff graduated from high school (AR at 124), successfully completed geometry (*id.* at 127), demonstrated the ability to perform simple addition and subtraction during psychological testing (*id.* at 536), and reported that she can count change, handle money, and use a checkbook or money orders independently (*id.* at 338). The record therefore contains affirmative evidence demonstrating that Plaintiff possesses the very skills those courts found lacking. Stated differently, the ALJ's conclusion that Plaintiff could perform jobs with math level 1 is supported by substantial evidence.

12

## V.     CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision to deny Plaintiff

SSDI and SSI.  An appropriate Order will follow.


Date: July 14, 2026


s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

13